THE DRUMM-FLATO COMMISSION COMPANY v. THE FIRST NATIONAL BANK OF MADISON.

No. 12,775.  (70 Pac. 874.)

SYLLABUS BY THE COURT.

CHATTEL MORTGAGES—*Failure to Record.* A failure to deposit and file a chattel mortgage with the register of deeds does not render the instrument void as to one who merely takes the mortgaged property under the mistaken belief of his own ownership of it. It is void only as to creditors of the mortgagor and subsequent purchasers and mortgagees. (Gen. Stat. 1901, § 4244.)

Error from Greenwood district court; G. P. AIKMAN, judge. Opinion filed December 6, 1902. Affirmed.

*Henry J. Hodgson, A. L. Redden,* and *Botsford, Deatherage & Young,* for plaintiff in error.

*Graves & Hamer,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: Many claims of error are made in this case. We have examined all of them, but none is well founded, and but one seems to call for explanation and formal decision. One Milner was a mortgagor of cattle. The First National Bank of Madison

was the assignee of the mortgage. It sued the Drumm-Flato Commission Company for a conversion of the cattle to the latter's use. One of the defenses was that the bank had negligently permitted the cattle to become intermixed with other cattle of the same class and characteristics belonging to another person on which it, the Drumm-Flato company, held a mortgage, whereby a confusion of goods occurred, and that the company had no knowledge of the bank's interest in the cattle claimed by it, because the latter had failed to deposit and file its mortgage with the register of deeds. The Drumm-Flato company did not claim to be a creditor of the mortgagor of the cattle in question nor a purchaser or mortgagee of them. Its objection to the non-record of the bank's mortgage was not, therefore, well taken. The statute does not apply to its case. The law concerning notice by the record of chattel mortgages is as follows :

"Every mortgage or conveyance intended to operate as a mortgage of personal property . . . shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof shall be forthwith deposited in the office of the register of deeds in the county where the property shall then be situated," etc. (Gen. Stat. 1901, § 4244.)

It will be observed that the protection of the above statute is not extended to one who takes the property of another under the mistaken belief that it is his own. In order to come within its terms, he must be a creditor of the mortgagor, or a subsequent purchaser, or a subsequent mortgagee. The Drumm-Flato company was none of these.

The judgment of the court below is affirmed.

All the Justices concurring.

CUNNINGHAM, J., not sitting, having been of counsel.