DELLE HAGERTY v. SAMUEL GOODLAD *et al.*

**No. 13,916.**    (79 Pac. 664.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Unrecorded Deed—Grantee Not Estopped.*. A grantee of real estate that neglects for a period of twelve years to put his deed on record, during which time the title of record remains in the grantor and the latter continues in possession, paying taxes in his own name and erecting lasting and valuable improvements at his own expense, is not estopped to assert his ownership as against creditors of the grantor subsequent to the execution of the deed, where it is not shown that such credits were induced or extended on the basis that the grantor was the owner of the land.

Error from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed February 11, 1905. Affirmed.

*J. K. Mitchell*, for plaintiff in error; *Burnham & Dashiell*, for cross-petitioners in error.

*Charles H. Nicholas*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff brought this action against Samuel Goodlad and others on a judgment previously obtained against William H. Goodlad, to set aside a deed given by the latter to Samuel Goodlad, and to have the land sold and the proceeds applied to her judgment. Other judgment creditors of William H. Goodlad were made defendants, who filed cross-petitions, pleading their judgments and the same general facts alleged by plaintiff with respect to the conveyance of the land to Samuel Goodlad, and asking for the same relief. At the conclusion of the evidence of plaintiff and the cross-petitioners the court sustained a demurrer thereto, and rendered judgment against them. To reverse this judgment they prosecute error.

After setting out their several judgments, the petition and cross-petitions state :

"On and prior to the 25th day of May, 1887, W. H. Goodlad was owner in fee, free and clear of all encumbrances, of (describing the land), and that the said W. H. Goodlad continued to be the owner in fee, free and clear of all encumbrances or liens whatsoever, of the said above-described real estate until the time of his decease as aforesaid ; and that at the time of the creation of the indebtedness, as evidenced by the certain promissory note upon which said judgment so as aforesaid rendered in favor of this plaintiff and against the said W. H. Goodlad and Ella Goodlad was rendered, the said W. H. Goodlad represented himself to be, and the records of Osborne county, Kansas, show, in fact, that he was, the owner in fee and possessed of the above-described real estate, free and clear of all encumbrances or liens whatsoever ; but that on the 25th day of May, A. D. 1887, the said W. H. Goodlad, being unmarried at that time, and for the purpose of cheating, wronging and defrauding this plaintiff, executed a pretended deed of convey-

ance to said land, in and by which said deed of conveyance he pretended to sell and convey to one Samuel Goodlad, a brother, all of the said described real estate ; that in fact said deed was without consideration and was wholly and entirely void, and the said defendant, Samuel Goodlad, for the purpose of assisting, aiding and abetting the said W. H. Goodlad in cheating, wronging and defrauding his creditors, and especially for the purpose of cheating, wronging and defrauding this plaintiff and preventing her from collecting her just debts, did not record said deed in the office of the register of deeds of Osborne county, Kansas, until the 30th day of January, 1901, and not until after the decease of the said grantor therein named, W. H. Goodlad ; and plaintiff alleges the fact to be that there was no delivery of said deed during the lifetime of the said grantor, W. H. Goodlad, and that during all the time from the said 25th day of May, A. D. 1887, until the time of his death, said W. H. Goodlad exercised all the rights of ownership of said property, and that during all the said years the said defendant, Samuel Goodlad, made no claim of any kind whatsoever that he owned said land or any interest therein.

"That she had no notice or knowledge of the pretended execution of said deed until said 30th day of January, A. D. 1901, when the same was recorded in the office of the register of deeds of Osborne county, Kansas, as aforesaid.

"That at the time of the pretended execution of the said conveyance from the said W. H. Goodlad to said defendant, Samuel Goodlad, . . . the said land was unimproved ; but soon after the time of the pretended execution of said conveyance the said grantor in said deed named moved upon said land above described and continued to occupy the same until the time of his death as herein alleged ; and that during his occupancy of said real estate the said W. H. Goodlad made many lasting and valuable improvements upon said land, at all times pretending and representing, and the records of Osborne county, Kansas, showing, that he was in fact the absolute owner thereof."

This judgment was obtained in the district court of Osborne county, Kansas, May 3, 1896 ; the judgments pleaded by the cross-petitioners were obtained subsequently. There are no allegations in the petition or the cross-petitions that William H. Goodlad was indebted to either of the judgment creditors at the time he executed the deed, or that any of the judgment creditors extended to William H. Goodlad the credit upon which their judgments were rendered on his representation that he was the owner of the land, or on the faith of such ownership.

For the purpose of sustaining the allegations that the deed had not been delivered until after the grantor became insolvent, and that there was no consideration for such conveyance, the plaintiff and cross-petitioners introduced Samuel Goodlad as their witness. He testified, in substance, that he and his brother, William H. Goodlad, were residents of Wisconsin in 1887 ; that his brother was an unmarried man and was indebted to him in the sum of $1000 ; that in full satisfaction of such debt his brother executed and delivered to him a deed to the land in question, which deed he placed, with his other papers, in a safe then in his possession, belonging to his brother, where it remained until the latter engaged in the mercantile business in Kansas, at which time he wrote requesting that the safe be shipped to him. In complying with this request Samuel neglected to remove from the safe any of his private papers. Thereafter, having discovered this mistake, he wrote William H. Goodlad to return his papers and the request was complied with, and the deed, with his other papers, was returned to Samuel in Wisconsin.

This was all the testimony offered by the plaintiff on the question of the delivery of, or as to the considera-

47—70 KAN.

tion for, the deed. Upon these two questions the plaintiff not only failed to prove that the deed had not been delivered and that there was no consideration therefor, but she proved the reverse of both of these propositions.

Notwithstanding the execution and delivery of the deed by William H. Goodlad to Samuel Goodlad for a valuable consideration, and the good faith of both, it is argued that, as to the judgment creditors of the former, Samuel has estopped himself from asserting his title to the land by permitting his record title to remain in William H. Goodlad and by permitting the latter to go upon, and remain in possession of, the land for a period of twelve years, making lasting and valuable improvements at his own expense, paying the taxes in his own name, and representing that he was the owner in fact. The force of this contention is apparent, and might be conclusive upon Samuel Goodlad, as between himself and all persons who had extended credit to William H. Goodlad on the faith of his ownership of this land. However, neither the plaintiff nor the cross-petitioners brought themselves within this rule. While the petition stated that William H. Goodlad represented that he was the owner of the land, it was not alleged or proved that he stated to the plaintiff or either of the cross-petitioners that he was such owner, nor was it alleged or proved that credit was extended to him in the belief that he was such owner, or that his ownership entered into the minds of the creditors as a partial inducement for them to extend such credit. So far as the pleadings or the evidence go, the creditors, at the time the credits were given, may not have known that he claimed the land, or, if they did, they may have known he was not the owner. The creditors not hav-

ing shown that they were misled to their injury, or that they sustained a loss by reason of the conduct of Samuel Goodlad, the demurrer was properly sustained.

The judgment of the court below is affirmed.

All the Justices concurring.

CLARK A. SMITH, J., not sitting.