CHARLES E. GIBSON, *Appellee*, v. ANNA UPPENKAMP, *Appellant*.

No. 16,623.

SYLLABUS BY THE COURT.

1. MORTGAGES—*Release—Evidence.* An entry upon the appearance docket of a charge for the release of a mortgage and the cancellation of the accompanying note is not evidence that the mortgage has been released.

2. ——— *Record Destroyed—Special Act Directing Re-recording—Failure to Record.* Chapter 107 of the Laws of 1899, providing for the re-recording of mortgages in Kearny county, the previous record whereof had been destroyed by fire, does not give any greater effect to the failure to have a mortgage recorded as directed than would have resulted from a failure to record it in the first instance.

3. REGISTRATION LAWS—*Purpose—Notice.* The general purpose of registry laws to impart notice to creditors and purchasers applies to the act referred to in paragraph 2 as well as to the general statute providing for the registry of instruments affecting real estate.

4. ——— *Purchaser of Tax Title Unaffected by Failure to*

*Record Mortgage.* A party claiming property solely by virtue of a tax deed is unaffected by the record of instruments having no relation to such tax title, and can gain no advantage by the failure to record such instruments.

5. ——— *Special Statute Barring Foreclosure of Mortgages Not Re-recorded—Construction.* The declaration of the statute of 1899 (ch. 107, § 2), that the holder of a mortgage which has not been recorded as directed by that act shall be ʰᵃʳʳed from foreclosing it, means that he shall not be allowed foreclosure against interests or liens acquired by one whose title or interest in the property may be affected thereby, and who has a right to rely upon the record for notice.

Appeal from Kearny district court. Opinion filed July 9, 1910. Affirmed.

*Ross C. McCormick,* and *John W. Blood,* for the appellant.

*Lee Monroe,* and *George A. Kline,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action for the foreclosure of a mortgage. The defendant, Anna Uppenkamp, claimed the mortgaged premises by virtue of a tax deed. The judgment was in favor of the plaintiff, Gibson, for foreclosure. The tax deed was held to be void as a conveyance, but a lien for the taxes was given, which was adjudged to be a first lien upon the premises, and the amount due upon the mortgage was made the second lien. Anna Uppenkamp appeals.

The petition sets out the mortgage, the assignments and the certificates of registration. The answer alleges that the defendant is the owner of the premises in fee simple, and that she is in possession thereof. It pleads the five and fifteen years statutes of limitation; an estoppel by a judgment quieting title; the release of the mortgage; the failure to re-record the mortgage in conformity with the provisions of chapter 107 of the Laws of 1899; and laches of the holder and abandonment by him of the mortgage debt.

On the trial it was admitted that the mortgagor was the owner of the land at the date of the mortgage. The plaintiff introduced the mortgage and the assignments indorsed thereon, together with the certificates of registration, and also the accompanying note, with indorsements to the plaintiff. The defendant then introduced a tax deed, dated October 31, 1902, issued upon a certificate of a sale of the property made in September, 1895, for the delinquent taxes of 1894. This deed recites that several disconnected tracts were offered together, and were bid in by the county treasurer for the taxes and charges thereon; that the certificate was assigned to the grantee upon a compromise by order of the board of county commissioners, for a gross sum, for the taxes from 1894 to 1900, inclusive, upon all the tracts in bulk. The deed also recites that the several tracts were conveyed for a single consideration.

As the tax deed affirmatively shows that several disconnected tracts were offered for sale together, and were bid in by the county treasurer for a gross sum, the deed is invalid as a conveyance. (*Smith v. Land Co.,* 82 Kan. 539; *Worden v. Cole,* 74 Kan. 226.)

The defendant was not in privity with the mortgagor, but claimed the land under an independent title, and can not therefore avail herself of the defense based upon the statute of limitations. (*Gibson v. Ast,* 77 Kan. 458.)

The defenses of estoppel by judgment quieting title and of laches and abandonment are not relied upon in the argument in this court.

The abstract does not show the evidence offered in support of the allegation that the mortgage had been released, but the judgment contains the following recital:

"The counsel stipulate in open court that it is a fact that the clerk of the district court of Kearny county, Kansas, made an entry in docket one (1), at page 503,

charging for the release of the mortgage in question in this action and the cancellation of the note and coupon notes secured thereby."

This stipulation is insufficient to show a release. It purports to be an entry of items of costs for the release of the mortgage. There is no provision requiring the clerk of the district court to enter the release of a mortgage in his records. It is true that his records should show the release of a judgment, if it had been filed, but in such a case the release, in connection with the judgment entry, would be the proper evidence, and not the charge made by the clerk for entering it. There is no reference in these items of costs to any entries upon the margin of the record of the mortgage in the register's office, as required by section 5207 of the General Statutes of 1909. (Laws 1885, ch. 145, § 1.)

The remaining defense is based upon the act of 1899, supra. The preamble of this act recites that the records of mortgages in Kearny county were destroyed by fire on the 18th day of January, 1894, and the act requires that the holders of mortgages recorded prior to the date named shall refile them with the register of deeds within two years from the passage of the act, and requires the register to re-record the same. This mortgage had been duly recorded in that county before the fire. Section 2 of the act is as follows:

"All persons owning or holding any mortgages that come under the provisions of section 1 of this act who shall fail or neglect for two years from and after the passage of this act to have the same recorded shall lose all right under and all benefits and liens or surety created by such mortgage, and shall be forever barred from any and all actions to foreclose or enforce the condition in any and all courts of this state." (Laws 1899, ch. 107, § 2.)

It will be observed that the statute declares that the consequence of a failure of the holder of a mortgage to

have it recorded, as directed by this act, shall be the loss of all rights and benefits under it. This language must be construed in the light of the purposes contemplated in the act. The original records had been destroyed. Restoration was provided for. It could not have been the legislative intent to give a greater effect to the failure to record the instrument under that act than would have resulted from a failure to record it in the first instance. If this mortgage had never been recorded the lien would have been good between the parties and others having notice. It is still valid against the mortgagor, and it is against him that the lien was asserted and established by the judgment. The lien of the tax purchaser is in no wise affected by the lien of the mortgage.

The general purpose and object of all registry laws is to impart notice to creditors and purchasers (*Edmondson v. Beals,* 27 Kan. 656), and this applies to an act to restore records as well as an act to provide for making them in the first instance. Construing the act of 1899 in the light of the emergency which led to its passage, and in harmony with the interpretation by this court of the general registration laws of this state, it is held that the failure to record the mortgage under its provisions did not destroy the instrument or affect its lien between the parties to this action.

The rights of the defendant were not affected by the failure to record the mortgage under the act of 1899. She had endeavored to acquire an independent title, having no relation to the title under which the mortgagee held. If the tax deed had been valid it would have extinguished the title of the mortgagor and the interest of the mortgagee alike, without regard to the registration of the instruments by which they were conveyed or established. (*McFadden v. Goff,* 32 Kan. 415.) The tax deed, being insufficient as a conveyance, gave a prior lien for taxes paid, which is likewise unaffected by the record of other conveyances having no

relation to the tax title. The records in the register's office are for the benefit of those whose interests may be affected thereby.

The general statute providing for the registration of such instruments reads:

"No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record." (Gen. Stat. 1868, ch. 22, § 21; Gen. Stat. 1909, § 1672.)

Under this statute it is held that the lien of a judgment is inferior to that of a prior mortgage, although the mortgage is unrecorded. (*Holden v. Garrett*, 23 Kan. 98; *N. W. Forwarding Co. v. Mahaffey, Slutz & Co.*, 36 Kan. 152.) Yet a literal interpretation of the statute, apart from the purpose for which registration laws are enacted, might lead to the conclusion that an unrecorded mortgage was invalid as against the lien of a judgment. (*N. W. Forwarding Co. v. Mahaffey, Slutz & Co.*, supra.)

The declaration of the statute of 1899 that the holder of an unrecorded mortgage shall be barred from foreclosing it must be construed in harmony with the interpretation given to the language already considered, and plainly means that he shall not be allowed to foreclose against interests or liens acquired in the property by purchasers, mortgagees or others whose interests may be affected by the mortgage and who have a right to rely upon the records for notice. A tax-title purchaser can gain no advantage from a failure to record instruments which can not affect his title or interest in the property. These views are supported by the reasoning in *Douglass v. Lowell*, 55 Kan. 574, and *Hagerty v. Goodlad*, 70 Kan. 734.

The judgment is affirmed.