No. 18,849.

THE RAWLINS COUNTY STATE BANK, *Appellant,* v. HENRY WALTERS, *Appellee.*

SYLLABUS BY THE COURT.

1. PROCEEDS FROM SALE OF CHATTEL-MORTGAGED PROPERTY—*Can Not be Pursued into Hands of Innocent Third Party.* A mortgagee can not pursue the proceeds of a sale of mortgaged personal property, made by the mortgagor, and received and applied by his creditor in good faith in payment of a valid debt, where the person so receiving the proceeds has no knowledge of the mortgage and is not chargeable with any notice of its existence.

2. SAME. In the situation stated above, the filing of the chattel mortgage in the proper office does not impart constructive notice to the creditor who receives and applies the proceeds of the sale, but has no lien upon or right to the mortgaged property.

Appeal from Rawlins district court; WILLIAM S. LANGMADE, judge. Opinion filed May 9, 1914. Affirmed.

*Fred Robertson,* of Atwood, for the appellant.

The opinion of the court was delivered by

BENSON, J.: This is an action by a mortgagee to recover the proceeds of a sale of mortgaged personal property made by the mortgagor.

The material facts found by the district court are that on October 16, 1909, John Herzog borrowed $512 from the defendant, for which he gave his promissory note secured by a mortgage upon horses and other personal property. On November 8, 1910, he borrowed $162.75 from the plaintiff, and secured the payment by his promissory note and a mortgage upon several horses, including a certain sorrel horse. Both mortgages were promptly filed in the office of the register of deeds. On April 20, 1911, Herzog sold the sorrel horse to an unknown buyer for $190, receiving a bank check for that amount. The defendant thereupon demanded and received the check from Herzog to apply on his note and mortgage, and so applied it without any notice of the plaintiff's mortgage other than that imparted by the record. The district court found that the defendant's mortgage did not contain a sufficient description of the sorrel horse in question, excluded the mortgage from evidence, and concluded as matter of law "that, inasmuch as the defendant applied the one hundred and ninety dollars upon a preëxisting debt he is entitled to recover in this action."

The plaintiff contends that the conclusion of law was erroneous; that the identical fund arising from the sale of the mortgaged property having been traced to the defendant is subject to the lien of the mortgage. The law is otherwise. A mortgagee can not pursue the proceeds of a sale of mortgaged personal property, made by the mortgagor, and received and applied by his creditor in good faith in payment of a valid debt, where the person so receiving the proceeds has no knowledge of the mortgage and is not chargeable with any notice of its existence. (*Burnett v. Gustafson*, 54

Iowa, 86, 6 N. W. 132; 2 Cobbey on Chattel Mortgages, § 636.)

Section 5224 of the General Statutes of 1909 provides that a chattel mortgage shall be void as against creditors of the mortgagor and as against subsequent mortgagees and purchasers in good faith unless deposited in the office of the register of deeds. The creditors referred to in this statute are only those having some specific lien upon or interest in the mortgaged property; mere general creditors are not embraced in this designation. (*Youngberg v. Walsh,* 72 Kan. 220, 83 Pac. 973.) The record of a chattel mortgage imparts constructive notice to such persons only as would have been entitled to protection against the conveyance or mortgage in case it had not been recorded. (*Greer v. Newland,* 70 Kan. 315, 78 Pac. 835; 24 A. & E. Encycl. of L. 146.)

The defendant's mortgage having been held insufficient and excluded from evidence need not be considered in the transaction, but the indebtedness remained, upon which the defendant as a mere general creditor of the mortgagor (in the plaintiff's mortgage) could rightfully ask and receive payment, in the absence of any fraud, collusion or sinister purpose. This result follows necessarily from the principles decided by this court in the cases cited. (See, also, *Drumm v. Bank,* 65 Kan. 746, 70 Pac. 874.)

As the defendant received and applied the money in good faith upon a valid debt without knowledge of the plaintiff's mortgage no liability is established against him.

The judgment is affirmed.