No. 28,170.

MARY E. EDWARDS, *Appellant,* v. JAMES A. MYERS, *Appellee.*

(273 Pac. 468.)

Opinion filed January 12, 1929.

*David F. Carson* and *William Drennan,* both of Kansas City, for the appellant.

*C. W. Trickett,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in ejectment. Defendant answered and sought to quiet his title. It was tried to the court, judgment was for defendant, and plaintiff has appealed.

The facts as disclosed by the record and statements of counsel are as follows: The plaintiff is defendant's sister. Their father, J. N. Myers, was the owner of quite a tract of farm land in Wyandotte county on which he had lived for many years and reared his family. In 1916 J. N. Myers, being then a widower, executed four deeds, one to each of his four children, conveying to each certain described land then owned by him. Collectively these deeds conveyed all the land owned by him except about fifteen acres. In form they were warranty deeds, but contained a clause by which the grantor reserved the rents and profits of the land during his lifetime, and also contained this clause: "This deed is delivered, but it is not to be recorded until after the death of the grantor." Plaintiff, the youngest child, had not then reached her majority, and was living at home with her father. She married in 1918, and she and her husband lived at the old home place with her father until sometime in 1920; then some discord arose and she and her husband moved away. The father continued to live at the old home place until his death, March 6, 1925, and for the last year or more before his death took his meals at the home of his son, the defendant, who lived on land adjoining the old home place on the north, which had been conveyed to him by the deed of his father in 1916.

The deed to plaintiff was recorded March 11, 1925. It conveyed to her the old home place, being a tract of about 48 acres, which was specifically described by metes and bounds. Plaintiff claims under this deed.

On August 19, 1924, J. N. Myers executed to the defendant a general warranty deed for three small tracts of land, describing them by metes and bounds. One of these tracts was 25 feet wide by 204 feet long, another was 100 feet by 284 feet. These two tracts constituted a part of the yard or garden of defendant as the same was then being used by him. A third tract was a roadway 16 feet wide leading across the old home place from the residence of defendant north thereof to a main highway south of it. This particular strip had been used as a private driveway for many years and passed between the house and the barn on the old home place. This deed. was recorded August. 19, 1924. All of the land described therein was within the description of the deed from J. N. Myers to plaintiff. The defendant claimed title to it by reason of the deed of August 19, 1924. The action here is for the possession of these three small tracts of land.

Appellee in the main seeks to sustain the judgment of the trial court under our registry statutes, and especially R. S. 67-223, which reads:

"No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

Appellant contends that this statute, as it has been heretofore construed, does not sustain the judgment of the trial court, for the reasons: First, that appellee cannot take advantage of that statute without showing that he was a purchaser for a valuable consideration of the tracts of land in controversy, which he did not show—in fact, his evidence was to the contrary; and, second, that the trial court misconstrued the words "actual notice," as used in the statute. Both of these contentions must be sustained.

As to the first of these contentions it may be said: Our original registry act (Laws 1859, ch. 30, § 13) provided:

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded . . ."

Construing this statute in *Coon v. Browning,* 10 Kan. 85, it was held: "Priority over an unrecorded deed could be claimed only by a purchaser for a valuable consideration." That is, one to be within the benefit of the statute must in fact have been a purchaser of the real property in question for a valuable consideration and without notice of the prior unrecorded deed. In 1868 our registry act was amended and chapter 30 of Laws of 1859 repealed by chapter 22 of the General Statutes of 1868, section 21 of which has since remained unchanged and is our present R. S. 67-223. It may be noted that this amended statute does not use the phrase "for a valuable consideration," as did the statute of 1859. However, in view of the general purpose of registry laws and other sections of the statute relating thereto, it has been held that this section can be taken advantage of only by those who are purchasers, or who have acquired liens for a valuable consideration and without actual notice of the prior unrecorded instrument. See *Holden v. Garrett,* 23 Kan. 98; *Morris v. Wicks,* 81 Kan. 790, 106 Pac. 1048; and *Kruse v. Conklin,* 82 Kan. 358, 108 Pac. 856, where it was specifically held: "An unrecorded conveyance of real estate is good except as against a person who purchases without notice thereof and for a valuable consideration." The general purpose of the recording act is stated

in *Gibson v. Uppenkamp*, 83 Kan. 74-78, 109 Pac. 781, as "to impart notice to creditors and purchasers"; and in the specially concurring opinion in *Faris v. Finnup*, 84 Kan. 122, 128, 113 Pac. 407, it was said: "The object of the recording act is to protect those who deserve protection . . ." In *School District v. Taylor,* 19 Kan. 287, and in *Gibson v. Uppenkamp,* supra (p. 79), it is pointed out that the specific section of the registry act under consideration cannot in all cases be literally construed, and should not be construed apart from the purpose for which registration laws are enacted.

Applying this statute, and the interpretation heretofore given to it by this court, to the case before us it is clear that defendant cannot avail himself of this section of the registry act without showing that he was a purchaser, for a valuable consideration, of the three tracts of land in dispute. It is further clear that evidence on his behalf fails to show any consideration for the deed to him of August 19, 1924. The deed recites a consideration of one dollar, but there is no evidence even that was paid; but if it was it would constitute only a nominal consideration as distinct from a valuable consideration. (*Morris v. Wicks,* 81 Kan. 790, 792, 106 Pac. 1048. See, also, page 794 as to the testimony concerning the consideration.) In this case, with respect to actual consideration for this deed, the defendant testified:

By Defendant's Counsel: "Q. He has called for your conversation; at the time your father and you came to the city when this deed was made and recorded, was there anything further said to you by your father as to why he was giving you this deed? . . .

"Q. State what he said, if there was anything said about it. A. He said 'You have been good to me, and I want you to have all of your yard and the ground east of your house and that road permanently.' "

This tends to establish that this deed was a pure gift.

As to the second question, that the trial court misconstrued the words "actual notice" as construed in the statute (R. S. 67-223), this contention is based upon a statement of the trial court at the trial which indicated that defendant's deed would be good against the deed to plaintiff unless the defendant, at the time he took his deed, had "actual knowledge" of the deed to plaintiff. This construction of the statute is inaccurate. The statute uses the words "actual notice." Such actual notice may be expressed or implied. In *Pope v. Nichols,* 61 Kan. 230, 59 Pac. 257, it was said:

"The words 'actual notice' do not always mean in law what in metaphysical

strictness they import. They more often mean knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably· cautious and prudent persons to investigate and ascertain as to the ultimate facts."

And in *Faris v. Finnup*, supra, it was held:

" . . . actual notice may be expressed when it consists of knowledge actually brought personally home, or it may be implied when it consists of knowledge of facts so informing that a reasonably cautious person would be led by them to the ultimate fact. In the latter case the known facts must be sufficiently specific to impose the duty to investigate further, and they must furnish a natural clue to the ultimate fact." (Syl. ¶ 1.)

In this case the evidence disclosed that defendant knew that his father, in 1916, had made deeds to his several children of specific tracts of real property, and that such deeds were not to be recorded until after the death of the grantor. He knew that a deed had been made to the plaintiff, and about the time, or soon after, she and her husband moved from the old home place he interested himself enough in plaintiff's rights under such deed to inquire of her if she had got her deed, and to say to her that if she had not received her deed that she had better get it. He knew that the three small tracts of land in question had not been conveyed to him by his father's deed executed in 1916. Considering these facts and the relationship of the parties, as disclosed by the evidence, the appellant, with much reason, argues that actual notice of plaintiff's deed and its contents was implied within the authorities last cited. Defendant was in possession of facts which would cause a prudent man to think that in all likelihood his father had conveyed to some one of his other children land including the three tracts in question, and he could have ascertained the truth about that matter by an inquiry either of his father or of his sister, the plaintiff.

Appellant is correct, also, in the contention that before defendant could claim the benefits of R. S. 67-223 the burden was on him to prove the facts which brought him within the purview of the act. (*Kruse v. Conklin*, supra. See, also, *Perkins v. Gregory*, 87 Kan. 303, 124 Pac. 168, where a similar ruling was made, construing another section of our code.)

With respect to the execution of the deed to defendant, appellant seeks to invoke the rule of the necessity of independent advice, as was applied in the making of a will in *Flintjer v. Rehm*, 120 Kan. 13, 17, 241 Pac. 1087, and as applied to the execution of a deed in *Madden v. Glathart*, 125 Kan. 466, 265 Pac. 42. But an examination of those cases discloses that the rule there applied is not appli-

cable here. However, all the facts and circumstances, including the relations of the parties, are proper to be considered on the question of whether defendant had actual notice, as required by R. S. 67-223, of plaintiff's deed, as that term has been defined in the cases previously cited.

Appellee contends that the deed under which plaintiff claims was a gift from a father to a daughter. Even if this contention were correct it has no effect on this case, for plaintiff is not seeking to establish her title by reason of the registry act. Appellee lays much stress on the fact that the tract of ground in controversy, which constitutes the road from his dwelling out to the main traveled road, is his only outlet, and argues that he is entitled to that, at least, by reason of the conveyance to him of the land north of the home place and the fact that this private road had for years been used as a way from his residence to the main road. This argument lacks merit for two reasons: First, appellee is claiming under the deed of August 19, 1924. Second, the father, when he executed the deeds in 1916 to his children, excluded from the deed to plaintiff a tract twenty-five feet wide along the north line of the land from defendant's improvements to the main traveled road to the west, and included this twenty-five feet in the deed which he executed to defendant, thereby giving him a way to the main traveled road.

From what has been said it necessarily follows that the judgment of the court below should be reversed, with directions to enter judgment for plaintiff.

It is so ordered.