No. 32,509

NELLIE KENNEDY et al., *Appellants*, v. W. E. SPALDING et al., *Appellees.*

(53 P. 2d 804)

Opinion filed January 25, 1936.

*J. B. Wilson,* of Lawrence, for the appellants.

*M. A. Gorrill* and *Henry H. Asher,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action brought by a landlord to recover rent from one he claimed bought the crop raised on the rented premises. Plaintiffs claimed to have a lien for rent under R. S. 67-524 and 67-526. Judgment was for defendants. Plaintiffs appeal.

The petition alleged that one Griesa occupied premises owned by F. H. Kennedy as a tenant from year to year at a rental that was fixed each year; that for the years 1930, 1931 and 1932 the rental agreed upon was not paid; that this amounted to $1,604.63; that about August 24, 1931, Griesa gave the defendants a pretended agreement conveying all the growing crops on the land to defendants; that during the fall and winter of 1931 and 1932 he sold the

crops grown on the land during those years to defendants to an amount in excess of the amount due plaintiffs. The petition further alleged that the growing crops consisted of ornamental trees, shrubs, privet, fruit trees and other plants, trees and shrubs in the nature of what is generally called nursery stock; that defendants took possession of the stock and sold it with notice of the landlord's lien of plaintiffs; and that defendants had not paid to Griesa or plaintiffs any part of the money received for the sale of the crops mentioned, but had converted it to their own use. The petition prayed for a judgment against defendants in the amount due them for rent on account of the tenancy of Griesa.

Defendant Spalding answered, admitting that on August 24, 1931, Griesa executed a pretended assignment; that the assignment was executed by Griesa of his own volition and not at the request of defendants; and that he did not at any time take possession of any property described in the inventory. The answer then contained a general denial of the allegations of the petition. The defendant, the First National Bank, answered, admitting Griesa may have executed the assignment, but the answer alleged the bank was not a party to the assignment other than being a creditor of Griesa; that the assignment did not at any time become operative, and that Spalding did not make an inventory nor take possession of the personal property described in the assignment and did not notify the creditors of Griesa of the assignment. The answer then contained a general denial.

The case was tried before the court without a jury. No findings of fact were made, but the judgment of the court in favor of defendants amounts to a finding in favor of defendants on every disputed issue of fact. One of these disputed issues of fact was that defendants ever actually took possession of the stock of Griesa under the assignment and, in reality, that the assignment ever became effective. No good end would be served by detailing the evidence here, but there is ample evidence in this record to justify a finding that neither defendant ever took possession of the stock or that the assignment ever was put into effect. A finding of fact necessarily embraced in the general judgment rendered by the trial court will not be disturbed in this court if there is some evidence to sustain it. (See *Stratton v. Hawks*, 43 Kan. 538, 23 Pac. 591; *Conley v. House*, 71 Kan. 883, 81 Pac. 1131.)

There is further reason why the court is correct in its decision.

In order for the plaintiffs to recover it was incumbent on them to show that the property which it is claimed was purchased by defendants came under the provisions of R. S. 67-524 and R. S. 67-526. The former section provides as follows:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

The latter reads as follows:

"The person entitled to the rent may recover from the purchaser of the crop, or any part thereof, with notice of the lien the value of the crop purchased, to the extent of the rent due and damages."

There was ample evidence that the property claimed to have been sold to defendants was all at least two years old. There were fruit trees, ornamental trees and shrubs. The question is, Is such property "crops" within the meaning of the above statutes? The word "crops" is defined in 17 C. J. 378 as follows:

"The word 'crops,' in its more general signification, means all products of the soil that are grown and raised annually and gathered during a single season. In this sense the term includes both *fructus industriales* and *fructus naturales*. The word is also used, however, in a more restricted sense, as synonymous with *fructus industriales* or emblements."

It will be noted that the above definition speaks of all products of the soil that are grown and raised annually and during a single season.

In *Goodrich v. Stevens,* 5 Lans. (N. Y.) 230, 231, the court said: "a crop is, primarily, some product of the soil gathered during a single year." The word is of ancient use. Its etymology appears to be from the Saxon "crop" or "cropp." This word signified a cluster of ears of corn or grapes. Another derivation is from the Welsh "cropiad." This meant a gathering or taking hold of. (See *Cottle v. Spitzer,* 65 Cal. 456, 4 Pac. 435.) It is from this derivation that the word has been held to mean only products after they have been severed from the soil. At times a distinction has been drawn between *fructus industriales* and *fructus naturales.* Our legislature, however, intended the word to cover both these when the statute under consideration was enacted. Thus what is meant is products of the soil, such as corn, wheat and similar products which must be planted each year, as well as fruits and berries and like products which need not be planted each year but which must be harvested annually. Throughout all the authorities, however, the holding is uniform from the earliest times to now that "crop" means a product

grown and raised annually and gathered during a single season. With such a universal definition being given the word, we conclude that such was the definition intended by the legislature when our statute was enacted. Having reached this conclusion, we will consider how it applies to this case. The record discloses that the nursery stock, which it is charged defendants bought, was all composed of trees and shrubs at least two years old and a large part of it was three years old. None of it would come under the definition of a product of the soil raised annually or gathered within a single year. It seems clear that such stock was not "crops" as that word is used in our statute.

There is another element in this record which offers ample ground for giving a judgment for the defendants. The record discloses there was nursery stock handled by Spalding from land other than that from the land owned by plaintiffs, also there was some stock brought from other places by Griesa and held for the trade. The record is not clear as to how much of this stock there was, but there is so much evidence as to such a situation that this court cannot say it was not that fact which caused the trial court to give judgment for defendants.

There does not appear to be any error in the record and the judgment of the trial court is affirmed.