No. 34,235

The Farmers & Merchants State Bank of Cawker City, *Appellee,* v. (J. Wilton Higgins et al., *Defendants*) Clara White, *Appellant.*

(89 P. 2d 916)

Opinion filed May 6, 1939.

*Frank A. Lutz* and *A. E. Jordan,* both of Beloit, for the appellant.
*Ralph H. Noah,* of Beloit, for the appellee.

The opinion of the court was delivered by

Allen, J.: This was an action to foreclose a mortgage. From a judgment in favor of the plaintiff, one of the defendants, Clara White, brings this appeal.

The appeal presents the question of priority between a deed and a mortgage.

J. W. Higgins, a widower, was the owner and in possession of the eighty acres of land in controversy. On June 2, 1930, Higgins executed and delivered a mortgage on this land to the plaintiff bank to secure a note of $3,500, of the same date, due two years after date. This mortgage was recorded on June 5, 1930. This action was filed April 15, 1937.

J. W. Higgins died December 7, 1932, leaving as his only heirs the defendants, J. Wilton Higgins, a son; Luella Norton, a daughter; and Clara White, a daughter.

The petition in the foreclosure action alleges that on December 15, 1932, a deed purporting to have been made on the 14th day of March, 1929, by J. W. Higgins to Clara White and conveying the

same land as described in the mortgage, was filed for record. The petition alleges that at the time the mortgage to plaintiff was given and recorded plaintiff had no notice or knowledge of the deed to Clara White, and that any right or title she may have under that instrument is junior and inferior to the mortgage of plaintiff.

The answer of defendant Clara White puts in issue the validity of plaintiff's mortgage and alleges that the mortgage is barred by various statutes of limitation. The case was tried to the court. While formal findings of fact were not made, the court in rendering judgment commented on the evidence and found that the mortgage of the plaintiff was a lien prior to any interest acquired by Clara White under the deed of 1929.

Defendant contends the mortgage was given to secure a preëxisting indebtedness; that the plaintiff bank was not an innocent purchaser for value, and that the deed was "good notwithstanding appellee's alleged lack of notice thereof at the time the mortgage was executed."

Defendant relies on *Morris v. Wicks*, 81 Kan. 790, 106 Pac. 1048; *Grocer Company v. Alleman*, 81 Kan. 543, 106 Pac. 460; *Edwards v. Myers*, 127 Kan. 221, 273 Pac. 468, and other Kansas cases announcing a similar doctrine.

These cases hold that to be protected under our statute G. S. 1935, 67-223, a subsequent purchaser must have given a valuable consideration—that a mere nominal consideration is not sufficient. By the weight of authority a mortgagee who takes a mortgage to secure a preëxisting debt without any extension of the time of payment or surrender of securities, or parting with anything of value, is not a purchaser for a valuable consideration within the meaning of the recording acts. But that is not the situation presented by the record before us. Here the record seems to show without dispute that the note and mortgage were given to the plaintiff bank to take up prior debts due the bank by the mortgagor, and that by the terms of the note and mortgage these prior and antecedent debts were extended as to the time of payment for a period of two years.

In 2 Tiffany on Real Property, page 2249, it is said:

"If, as a consideration for the giving of a mortgage or deed of trust to secure a preëxisting debt, the creditor relinquishes other security for the debt, he is in a position to claim as a purchaser for value, as he is if he extends the time for the payment of the debt."

See, also, 2 Pomeroy's Equity Jurisprudence, page 1535; 23 R. C. L. 245, 246.

In *O'Brien v. Flechenstein,* 180 N. Y. 350, 73 N. E. 30, the plaintiff held a mortgage dated July 9, 1902, but not recorded until November 25, 1902. One of the defendants held a mortgage dated November 17, 1902, due in one month and recorded November 18, 1902, or before the mortgage of plaintiff was recorded. The only question in the case was as to which of the mortgages was entitled to priority, and this question narrowed down to whether the defendant had given a valuable consideration for its mortgage.

The facts of the case were briefly that defendant had had a claim against the mortgagor which was past due and which it was pressing for settlement. On the day on which the mortgage was made, the mortgagor signed a note payable to defendant, due in one month, and gave the mortgage in question as security. The trial court held that the defendant had not given a valuable consideration and decreed that the plaintiff's mortgage was entitled to priority. In affirming the reversal of the case by the appellate division, the court of appeals said:

"Under the authorities we think that a new element or consideration was imported into the transaction between the parties; that is to say, by the extension of time upon the preëxisting debt and the taking of security to be enforced at the end of that time. The law upon this question is thus stated in Jones on Mortgages (sec. 459): 'The giving of further time for the payment of an existing debt by a valid agreement, for any period, however short, though it be for a day only, is a valuable consideration and is sufficient to support a mortgage as a purchase for a valuable consideration.'" (180 N. Y. 353.)

In the case of *Randolph v. Webb et al.,* 116 Ala. 135, 22 So. 550, the court said:

"The evidence, in our opinion, shows that the bank, in consideration of the deed of trust, made a valid and binding extension of the time of payment of its debt. That there was an agreement to extend it is clearly shown. That it was entered into upon the valuable consideration of the security to be afforded by the deed of trust is equally clear. Whether the extension was to a definite time, short of which the bank could not proceed, is the only really controverted point. The deed was executed April 11, 1891. At that time $14,000 of the bank's debt was past due. Of the balance, $8,000 was to become due on April 22, and $10,000 on May 3 ensuing. The law day of the deed of trust was fixed at June 1, 1891. The extension obviously was from the date of the deed of trust as to the indebtedness past due and from the maturity of the indebtedness thereafter falling due to the 1st day of June, 1891. And we hold that on this evidence the bank was entitled to protection as a bona fide purchaser without notice, and of consequence that Webb and Tompkins acquired the property at the trustee's sale freed from complainant's equities." (p. 142.)

In the case of *Gilchrist v. Gough et al.*, 63 Ind. 576, 30 Am. Rep. 250, the court said:

"It will be readily seen, however, from our statement of the facts of this case, that, under the law as we have stated it, the appellee Hoffman must be regarded as a purchaser or mortgagee, for a valuable consideration, as to each of his said mortgages. For it appeared that, in each of said mortgages, the time of payment of the preëxisting indebtedness, to secure which the mortgage was given, had been extended for the term of one year, and this extension of time, as we have seen, was sufficient to make him a purchaser or mortgagee for a valuable consideration, as to each of the mortgages." (p. 584.)

In the case of *Tripler v. MacDonald Lumber Co.*, 173 Cal. 144, 159 Pac. 591, a mortgagee claimed priority over an unrecorded deed. The court said:

"It is argued that the MacDonald Lumber Company, having taken the mortgage to secure a preëxisting debt, is not entitled to the equities of an innocent purchaser for value. The answer to this argument is that, as the court duly found, a new consideration was created by the extension of the time of payment of the indebtedness. Such a consideration is a good and sufficient one for a mortgage. (Citing cases.)" (p. 147.)

At the time the mortgage was given, the eighty acres in dispute was free and clear of encumbrances. The plaintiff bank was in a position to press the collection of the debts that Higgins owed the bank. By extending the time of payment for a period of two years the bank may have lost other opportunities to collect or to acquire other securities. We think the extension of time, under the circumstances, was sufficient to make the bank a purchaser for a valuable consideration.

Our statute, G. S. 1935, 52-302, provides:

"Value is any consideration sufficient to support a simple contract. An antecedent or preëxisting debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

Here is a declaration by the legislature that an antecedent or preëxisting debt constitutes value. The question is settled so far as the law of negotiable instruments is concerned. In 4 Bogert on Trusts, page 2584, the learned author after a discussion of the foregoing statute, and other uniform statutes in force in many states where a similar definition of value is given, states:

"The tendency of these modern statutes is to broaden the definition of value in the conveyancing field so that it may be equivalent to the definition of consideration in the contract field. It is believed that this trend should be encouraged."

Plaintiff further contends that defendant is estopped to set up any claim to the land under her deed. If defendant Clara White held a deed to the land, there is evidence in the record that she stood by while her father gave the mortgage on the land in dispute without asserting her title, and without giving the plaintiff any notice of her right of title.

That a person may under special circumstances be estopped by his conduct from afterwards asserting a title is a familiar doctrine.

As having bearing on the question of estoppel, see: *Gray v. Crockett*, 35 Kan. 66, 10 Pac. 452; *Knaggs v. Mastin*, 9 Kan. 532, 549; *Hill v. Wand*, 47 Kan. 340, 346, 29 Pac. 988; *Hazel v. Lyden*, 51 Kan. 233, 32 Pac. 898; *Hardin v. Joice*, 21 Kan. 318; *Kothman v. Markson*, 34 Kan. 542, 9 Pac. 218; *Kelling v. Brooks*, 128 Kan. 55, 58, 275 Pac. 1077.

We do not, however, find it necessary to determine the question of estoppel in this case.

Our statute G. S. 1935, 67-221, provides that every instrument in writing that conveys real estate, or whereby any real estate may be affected, duly acknowledged, may be recorded in the office of the register of deeds of the county in which such real estate is situated. The two following sections of our statute, G. S. 1935, provide:

"Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed to purchase with notice." (G. S. 1935, 67-222.)

"No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record." (G. S. 1935, 67-223.)

As we have seen, the deed from Higgins to defendant Clara White to the land in question was dated March 14, 1929, and recorded December 15, 1932. The mortgage from Higgins to the plaintiff covering the same land was dated June 2, 1930, and recorded June 5, 1930. Thus while the mortgage was executed and delivered subsequent to the date of the deed, it was recorded long before the recording date of the deed.

Our recording statutes above noted protect subsequent purchasers and mortgagees for value without notice. Our statute, G. S. 1935, 52-302, declares that a preëxisting debt constitutes value. The authorities above quoted show that where a creditor extends the time of

payment of the debt or relinquishes other security, he is a purchaser for value. Beyond all question the plaintiff is a purchaser for value within the meaning of our recording statutes.

Did the mortgagee have notice of the unrecorded deed? There was, some conflict in the testimony. As the court found generally for the plaintiff, such a finding is equivalent to a finding of every fact which the testimony will warrant, and which is necessary to uphold the judgment. (*Jackson v. Reid*, 30 Kan. 10, 12, 1 Pac. 308; *Kennedy v. Spalding*, 143 Kan. 76, 53 P. 2d 804.) On this appeal it must be held that the plaintiff at the time the note and mortgage sued on were executed had no notice of the deed to the defendant Clara White.

The plaintiff being a purchaser for value without notice, the statute gives the mortgage of plaintiff priority over the deed of defendant.

While this conclusion determines this action, we shall briefly note other points that are raised.

Defendant contends that plaintiff's cause of action was barred by the statute of limitations. The note sued on was dated June 3, 1930, and was due June 3, 1932. This action was filed April 15, 1937. Under our statute G. S. 1935, 60-306, the action was brought in time.

The heirs of the deceased mortgagor were joined as defendants. Under the law of this state the heirs are indispensable parties. (*Britton v. Hunt*, 9 Kan. 228; *Phillips v. Parker*, 148 Kan. 474, 83 P. 2d 709.)

It was not necessary to exhibit the note and mortgage as a claim against the estate of the deceased mortgagor before bringing the action to foreclose. (*Baker v. Webster*, 106 Kan. 326, 187 Pac. 870.)

Finally, defendant contends that "The appellee's own admissions of the validity of appellant's deed, as between the appellant and her father, were sufficient to bar a recovery by the appellee." The answer to this argument is found in the language of G. S. 1935, 67-223, above quoted.

As we find no error in the record, the judgment must be affirmed. It is so ordered.