James G. BEGLEY and Arthur E. Highnight, Movants,

v.

John F. VOGLER, Respondent.

Supreme Court of Kentucky.

Feb. 17, 1981.

Rehearing Denied March 31, 1981.

Edward F. Prichard, Jr., Frankfort, Bert T. Combs, Tarrant, Combs & Bullitt, Louisville, for movants.

Charles C. McConnell, Louisville, for respondent.

STEPHENS, Justice.

The issue presented for decision deals with the nature, the effect and the effective date of the mandate of appellate courts.

The road that the litigants traveled in arriving at this court must be mapped out. In January of 1970, the respondent's predecessor in title brought an action in the Muhlenberg Circuit Court against movants' predecessors in leasehold interest for the forfeiture of a coal lease. Monthly royalties were paid by the lessees during the litigation. In October of 1974, the trial judge entered a judgment terminating the lease, following which royalty payments were stopped.

An appeal was taken to the Court of Appeals, and on August 12, 1977, that court reversed the trial court and, in an unpublished opinion, stated that the case "is reversed with directions to enter a new judgment dismissing the complaint." The mandate of the Court of Appeals was issued on January 27, 1978, following a denial of the motion for discretionary review by this court. The appropriate portion of the mandate provided: "It is therefore considered that said judgment be reversed, which is ordered to be certified to said court." The opinion of the court was incorporated by reference. The mandate was filed in the circuit court on February 3, 1978.

A judgment, complying with the mandate and the opinion, was not entered in the circuit court until May 23, 1978. During the nearly four-month period from the issuance of the mandate by the Court of Appeals and the entry of the judgment, no monthly royalties were paid by movants. On May 3, 1978, respondent, by letter, attempted to cancel the leases because of their failure to pay the royalties. On May 26, 1978, three days following the entry of the judgment in the circuit court, movants (who had prevailed in the Court of Appeals) tendered a check to respondent for four months' royalty payments, which was refused.

Respondent-lessor then filed a declaratory judgment action in the Muhlenberg Circuit Court seeking to terminate the lease because of the failure of the movants-lessees to make monthly payments during the period from the issuance of the mandate and the entry of the judgment. The trial court entered a summary judgment in favor of the respondent, and movants appealed to the Court of Appeals. That court affirmed the trial court, ruling, in effect, that its

mandate controlled the rights of the parties on the date of the filing in the circuit court, and that the entry of the judgment did not affect the rights of the parties.

We are thus faced with the question of the effect of the mandate of an appellate court. Does it have the effect of a new judgment in the lower court, or is it an order from the appellate court to the lower court that a new judgment must be entered?

■ A mandate of the appellate court is the official mode of communicating its judgment to the inferior tribunal whose judgment has been reviewed. The mandate, or remittitur, or procedendo, as it is sometimes called, is not, in itself, a decree. It directs the return of the matter to the lower court, and on its issue or filing in the lower court, that court is reinvested with jurisdiction in the matter. We have described the mandate as the official directive of this court. *Shely v. Votaw*, Ky., 272 S.W.2d 462 (1954). When a case proceeds to a final determination by the issuance of a mandate, it is the duty of the court to whom it is addressed to render a judgment in accordance with the mandate, as explained by the opinion of the court. *City of Lexington v. Garner*, Ky., 329 S.W.2d 54 (1959).

This court promulgated certain procedural rules covering the issuance of mandates. The appropriate sections are as follows:

Rule 76.30 MANDATE

(1) *Definition*. The mandate is the work of the appellate court, issued by the clerk and directed to the court from which the appeal was taken, *which makes effective the opinion disposing of the appeal.*

(2) TIME FOR ISSUANCE.

(e) Upon issuance of the mandate the clerk shall forthwith send it to the court from which the appeal was taken and send a copy of it to each attorney of record. The clerk of the latter court shall forthwith file the mandate in the original record and note the filing on the proper docket. (emphasis added)

■ Respondents argued, and the Court of Appeals agreed, that under this rule the phrase "which makes effective the opinion disposing of the appeal" was controlling. The Court of Appeals interprets this phrase to give an automatic, instant effect to an appellate opinion, thus determining the rights of the parties at the issuance of the mandate. We concur that the issuance of the mandate makes final the view of the appellate court (as expressed by the opinion) as to the ultimate rights of the parties. However, in a case where the mandate (based on the opinion) directs some additional, corrective action to be taken by the lower court there is *no* final determination of the rights of the parties if and until the proper judgments, order, etc., are prepared, signed and filed of record in the lower court. If anything remains to be done following the directive of the mandate, the litigation is incomplete.

In the case of *Duvall v. Duvall*, Ky., 550 S.W.2d 506 (1977), we had previously *affirmed* a Jefferson Circuit Court judgment, with certain directions that the award of alimony be modified. A mandate to that effect had been filed in the trial court on October 7, 1968. On March 7, 1969, the defendant husband died without the affirmed, but modified, judgment being entered. We opined that since "other steps (the modification) were to be taken in circuit court, the mandate was not *self-executing*" (emphasis added). *Id.* at 506. A positive, definitive duty was placed on the trial judge to modify his judgment before the rights of the parties became final.

■ In each and every case where an appellate court *reverses* the lower court, some act must perforce be performed by the lower court, to comply with the directive of the mandate. The same is true when the appellate court *affirms*, but places some obligation to modify or change the original judgment. We hold that in those cases where an appellate court has ordered some corrective action to be taken, the litigation is not complete until the action is formally taken in the appropriate lower court.

■ It goes without saying that it is incumbent on the lower court judge to go forward with the directive of the mandate immediately. This court may take appropriate steps to enforce the mandate if it is not done. *Galbraith v. Winn*, Ky., 459 S.W.2d 153 (1970).

■ In those cases where the appellate court affirms the judgment of the lower court, without any modification, that judgment becomes effective when the mandate is filed in the lower court. In such cases, the mandate of the appellate court directs that such judgments are, in effect, its judgment and the mandate, when filed, reinvests the jurisdiction of the lower court vis-a-vis its original judgment. To this extent, we hold that such a mandate is "self-executing."

■ In the present case, it will be noted that the Court of Appeals had *reversed* the lower court and had issued a mandate to that effect. The responsive judgment was not filed for nearly four months, and the litigation was still pending during that period of time. Under those factual circumstances, and under our view as stated, no monthly royalty payments were due until the final entering of the judgment.

The decision of the Court of Appeals is reversed, and the circuit court is directed to enter a judgment consistent with this opinion.

All concur.