(648 P.2d 267)
No. 53,277

SAFETY FEDERAL SAVINGS AND LOAN ASSOCIATION, *Plaintiff*, v. JOHN S. THURSTON and BETTY THURSTON, *Defendants-Appellees*, and LENEXA STATE BANK AND TRUST COMPANY, *Defendant-Appellant*.

Opinion filed July 29, 1982.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for the appellant.

No appearances for the appellees.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by defendant Lenexa State Bank and Trust Company from the judgment of the District Court of Johnson County in favor of codefendants John and Betty Thurston in a trial of cross-claims in a real estate mortgage foreclosure action.

On February 3, 1978, John Thurston approached Michael Hoffman, assistant vice-president of Lenexa State Bank, for the purpose of obtaining a loan. The loan was to finance the purchase of mowing and lawn care equipment to be used in Thurston's business. Lenexa State Bank loaned Thurston $6,000 and took a purchase money security interest in the mowing and lawn care equipment. Thurston executed a ninety-day note for this $6,000. On March 28, 1978, Lenexa State Bank loaned Thurston an additional $5,000. This loan was unsecured and was evidenced by a ninety-day note signed by John Thurston. On April 19, 1978, Lenexa State Bank loaned Thurston $16,660. Another note was signed by John Thurston and was secured by various trucks and paving equipment.

As the notes became due, Thurston did not make payments. He continually promised to pay on the notes when contacted by the

Bank, but failed to do so. In July, 1978, Lenexa State Bank contacted an attorney as a result of the default by Thurston on his loans and notified Thurston by letter that it was going to foreclose the security agreements and repossess the collateral on the notes in ten days from July 27, 1978, if Thurston did not take some action on the loans.

On August 1, 1978, a meeting was held at Lenexa State Bank with Thurston to discuss the status of his outstanding loans. Thurston was again told that the equipment would have to be repossessed as a result of the delinquent status of the loans. Thurston indicated that he had outstanding accounts receivable totaling approximately $23,000 with which to pay back the loans as soon as he received them. At that August 1, 1978 meeting, an agreement was reached whereby Thurston would execute a $20,000 second mortgage against the Thurston real property (consisting of a home in suburban Johnson County), but the mortgage would be held and not filed for a period of two weeks while Thurston collected his accounts receivable. When Thurston brought in the monies from the accounts receivable, the mortgage would be destroyed, if he did so within the two-week period. In return, Lenexa State Bank agreed not to foreclose their security interests in the equipment which Thurston used in his business. This forbearance would allow him to continue to use the equipment during the two weeks while he was completing the jobs to collect his accounts receivable.

On the afternoon of August 1, 1978, John Thurston returned to Lenexa State Bank with his wife Betty, and they executed the second mortgage which had been agreed upon that morning. As agreed, the Bank held the mortgage and did not file it during the first two weeks of August. At the end of that two weeks, Thurston contacted the Bank and asked for more time to collect the accounts receivable. On August 30, 1978, Lenexa State Bank filed the mortgage with the Johnson County register of deeds. No notice of this filing was sent to the Thurstons.

On September 11, 1978, Lenexa State Bank sent the Thurstons a notice of redemption of personal property, and John Thurston brought in some of the collateral which had been given as security for the third note. On September 21, 1978, that equipment was returned to Thurston when an associate of his gave

Lenexa State Bank a security interest in a vehicle in order to release the equipment to Thurston, who needed it in his business.

In October, 1978, the Thurstons made one payment of $1,000 to the Bank. Sometime after October, 1978, Lenexa State Bank repossessed some of Thurstons' paving equipment used as collateral on the third note and sold it. The total remaining indebtedness owed to Lenexa State Bank by the Thurstons is $14,424.51 plus interest.

On June 29, 1979, plaintiff Safety Federal Savings and Loan Association filed a petition for mortgage foreclosure on its original Thurston mortgage. This mortgage foreclosure is not at issue in this appeal. Lenexa State Bank, a codefendant, asserted a cross-claim that it had a valid second mortgage against the Thurston real property and sought to foreclose upon that mortgage. The Thurstons then filed a cross-claim against Lenexa State Bank claiming a cause of action for slander of title. The trial court bifurcated the trial of the two cross-claims and first determined that there was not sufficient consideration to support Lenexa State Bank's mortgage on the Thurston real property. The trial court then issued its ruling that the Thurstons had proven a case of slander of title against Lenexa State Bank, and had sustained damages in the amount of $2,278.61. Lenexa State Bank has appealed from both decisions, raising the following issues: (1) Whether the trial court erred in finding that the second mortgage on the Thurston real property held by Lenexa State Bank was not supported by sufficient consideration; and (2) whether the trial court erred in finding that the Thurstons proved their cause of action against Lenexa State Bank for slander of title.

In its memorandum decision, the trial court stated:

"2. Consideration is necessary for a mortgage and a mortgage may be valid and binding if consideration is given for it even though the consideration given for the mortgage is different than the consideration recited in the mortgage.

"3. The consideration which the Lenexa State Bank relies on is the fact that the bank did not foreclose on the Thurstons' personal property, however, in fact, the bank subsequently did foreclose. As such the Court determined there was not sufficient consideration to legally or equitably support the bank mortgage on the Thurston real property."

Lenexa State Bank maintains on appeal that sufficient consideration does exist which supports its mortgage. The consideration which Lenexa State Bank relies on is its forbearance for a substantial period of time in repossessing the collateral which secured John Thurston's loans and its forbearance in suing on the

unsecured note. It has long been held that "[a]ny forbearance to prosecute or defend a claim or action, or to do an act which one is not legally bound to perform, is usually a sufficient consideration for a contract based thereon, unless the claim or defense is obviously invalid, worthless or frivolous." *Snuffer v. Westbrook,* 134 Kan. 793, Syl. ¶ 1, 8 P.2d 950 (1932). In *Farmers & Merchants State Bank v. Higgins,* 149 Kan. 783, Syl. ¶ 1, 89 P.2d 916 (1939), the court held:

"The giving of further time for the payment of an existing debt by a valid agreement is a valuable consideration and is sufficient to support a mortgage as a purchase for a valuable consideration."

In the present case the trial court found that although Lenexa State Bank promised to forbear from foreclosing on the Thurston personal property and such forbearance was to have been the consideration for the mortgage on the Thurston real property, Lenexa State Bank did not, in fact, forbear, and did subsequently foreclose on the personal property.

We disagree with the trial court and find that Lenexa State Bank's forbearance for a period of time in foreclosing on the secured notes and its total forbearance in suing on the unsecured note constitutes valuable consideration and is sufficient to support the second mortgage executed on the Thurston real property.

In accordance with the above finding, this court must also disagree with the trial court's finding of slander of title. Slander of title is defined as "a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, causing him injury." 50 Am. Jur. 2d, Libel & Slander § 539, p. 1058. Since we have found that Lenexa State Bank has a valid second mortgage to the Thurston real property, its filing of that mortgage with the register of deeds cannot constitute a slander of title.

Reversed with directions to enter judgment in favor of defendant Lenexa State Bank.