**Lan C. ENGLAND, Plaintiff
and Appellant,**

v.

**Eugene HORBACH, and Medicode
Incorporated, and Does I through
V, Defendants and Appellees.**

**No. 940695–CA.**

Court of Appeals of Utah.

Oct. 19, 1995.

302

Samuel D. McVey, Randy T. Austin, Kirton & McConkie, P.C., Salt Lake City, for Appellant.

Stephen G. Crockett, Steven E. McCowin, Wesley D. Felix, Giauque, Crockett, Bendinger & Peterson, Steven L. Taylor, Salt Lake City, for Appellees.

Before ORME, BENCH and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

Plaintiff, Lan C. England, appeals from the trial court's dismissal of his complaint and judgment in favor of defendant, Eugene Horbach. Plaintiff contends the trial court erred when it held the parties' accord and satisfaction was unenforceable. We agree and therefore reverse and remand.[1]

---

1. Because we conclude the trial court erred    when it found the accord and satisfaction was

## FACTS

In late 1989 or early 1990, plaintiff and defendant entered into a contract whereby defendant agreed to purchase 258,363 shares of Medicode stock from plaintiff. The parties agreed the purchase price would be $2.75 per share, resulting in a total purchase price of $710,498.25. At trial, plaintiff testified and defendant did not dispute, that the purchase money was to be paid within the first quarter of 1990. Defendant made periodic payments on the stock at least through September 1990.

In May 1991, at defendant's request, the parties met to finalize the stock purchase. At this time, plaintiff still retained the stock certificates and believed defendant owed additional money on the original purchase agreement. Plaintiff also believed defendant had breached the original stock purchase agreement by failing to pay the entire amount within the agreed time. At the May meeting, plaintiff informed defendant that at least $25,000 was still owing under the original purchase agreement. Defendant did not dispute that amount. The parties then reached an agreement whereby defendant agreed to remit to plaintiff an additional $25,000 and hold in trust two percent of the Medicode stock for plaintiff. In return, plaintiff agreed to immediately transfer to defendant the stock certificates and to forego his right to sue for defendant's breach of the original agreement.

At trial, both parties agreed that plaintiff would not have transferred the stock certificates to defendant had the second agreement not been entered into. Further, both plaintiff and defendant testified that at the May meeting both believed that money was still owing under the original contract.

In December 1992, pursuant to the second agreement, plaintiff made a demand for the two percent Medicode stock that defendant was purportedly holding in trust for him. Defendant, however, refused to produce the stock, contending that the two percent agreement was meant only to secure defendant's payment of the additional $25,000. Plaintiff therefore sued defendant for breach of the two percent agreement. Prior to trial, defendant discovered additional business records which defendant claimed documented that, before entering into the second agreement, he had actually overpaid plaintiff for the purchase of the Medicode stock.

A bench trial was held on March 22, 1994. The court ruled that plaintiff could not enforce the second agreement as an accord and satisfaction because it was not supported by consideration and because it was based upon a mutual mistake that defendant owed additional money on the original agreement. The trial court therefore dismissed plaintiff's complaint and entered judgment in favor of defendant based upon his "counterclaim" alleging that, at the time the second agreement was entered, defendant had already overpaid plaintiff for the Medicode stock.

## ACCORD AND SATISFACTION

■ It is settled that

"[a]n accord and satisfaction arises when the parties to a contract mutually agree that a performance different than that required by the original contract will be made in substitution of the performance originally agreed upon and that the substituted agreement calling for a different performance will discharge the obligation created under the original agreement."

*Neiderhauser Builders & Dev. Corp. v. Campbell*, 824 P.2d 1193, 1197 (Utah App. 1992) (quoting *Tebbs, Smith & Assocs. v. Brooks*, 735 P.2d 1305, 1307 (Utah 1986)). Moreover, for an accord and satisfaction to have any legal effect, the elements of a contract, including consideration, must be present. *Id.* at 1197–98. The elements of an accord and satisfaction include:

(i) a bona fide dispute [or uncertainty] over an unliquidated amount; (ii) a payment tendered in full settlement of the entire dispute; and (iii) an acceptance of the payment.

unenforceable, we need not reach plaintiff's remaining claims on appeal. Moreover, we vacate the trial court's judgment based upon defendant's counterclaim, as defendant's right to reimbursement for overpayment was settled under the accord and satisfaction.

*Estate Landscape & Snow Removal Specialists, Inc. v. Mountain States Tel. & Tel. Co.*, 844 P.2d 322, 325 (Utah 1992) (citing *Marton Remodeling v. Jensen*, 706 P.2d 607, 609 (Utah 1985)); *accord Neiderhauser*, 824 P.2d at 1197–98.

### A. Consideration[2]

■ In its first claim of error, plaintiff contends the trial court erred when it concluded the second agreement did not constitute an accord and satisfaction because there was no consideration to support that agreement. In Utah, it is clear that consideration for an accord may consist of a compromise of a bona fide dispute or uncertainty as to the amount actually owing. *See, e.g., Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 733 (Utah 1985) (holding sufficient consideration exists when creditor agrees to accept lesser amount than is due where bona fide dispute as to amount is present); *Sugarhouse Fin. Co. v. Anderson*, 610 P.2d 1369, 1372 (Utah 1980) (stating where underlying claim is uncertain, assent to definite payment amounts to sufficient consideration); *accord In re Estate of Grimm*, 784 P.2d 1238, 1244 (Utah App.1989), *cert. denied*, 795 P.2d 1138 (Utah 1990). Moreover, "[i]t is not necessary for the dispute [or uncertainty] to be well-founded so long as it is in good faith." *Golden Key*, 699 P.2d at 733; *see also Ashton v. Skeen*, 85 Utah 489, 39 P.2d 1073, 1076 (1935).

■ Thus, if the parties in good faith believe there is a disputed or uncertain claim, mere settlement of the amount due and acceptance of that amount constitutes the consideration necessary to support the contract.

*Estate Landscape*, 844 P.2d at 326; *accord Golden Key*, 699 P.2d at 733; *Ashton*, 39 P.2d at 1076.

In the instant case, plaintiff received several checks from defendant in partial satisfaction of the original agreement over a nine month period. Plaintiff believed defendant still owed between $25,000 and $75,000 on the original purchase agreement. When the parties met at defendant's request in May 1991, plaintiff informed defendant of the amount he believed was then due and offered to settle the original contract for an additional $25,000 and two percent of the Medicode stock. Defendant did not dispute this claim, as he was equally unsure of the amount then owing on the original purchase agreement. Rather, he accepted the proposal in the interest of resolving the matter.

■ At that meeting, defendant was interested in getting the stock certificates and plaintiff was interested in getting paid the full purchase price. Although unfounded, plaintiff asserted in good faith that he believed additional money was still owing. Defendant accepted this representation without dispute and accepted plaintiff's resolution proposal. The May 1991 agreement reflects the parties' good faith bargain regarding an uncertain claim. We conclude the trial court erred when it determined the second agreement was not supported by consideration and was therefore unenforceable.[3]

### B. Mutual Mistake

Plaintiff further claims the trial court erred when it held that because neither party was aware that defendant had already paid the original purchase agreement in full, a

---

**2.** Defendant alleges that plaintiff should be precluded from raising this issue on appeal because it was not raised at trial. A careful review of the record, however, reveals that whether the second agreement was predicated on sufficient consideration was, in fact, raised by plaintiff at trial. More significantly, consideration formed one basis for the trial court's determination that the accord and satisfaction was unenforceable.

**3.** Moreover, we note that courts have found that forbearance to prosecute a legally enforceable claim or to perform an act which one is not otherwise legally bound to perform provides sufficient consideration. *Safety Fed. Sav. & Loan Ass'n v. Thurston*, 8 Kan.App.2d 10, 648 P.2d

267, 270 (1982); *accord Sugarhouse Fin. Co. v. Anderson*, 610 P.2d 1369, 1372 (Utah 1980); *Long v. Forbes*, 58 Wyo. 533, 136 P.2d 242, 246–47 (1943). Thus, " 'the giving of further time for the payment of an existing debt by a valid agreement, for any period however short, ... is a valuable consideration, and is sufficient to support' " a contract. *Farmers & Merchants State Bank v. Higgins*, 149 Kan. 783, 89 P.2d 916, 917 (1939) (citation omitted); *accord Sugarhouse Fin.*, 610 P.2d at 1372.

In the instant case, although the entire debt was to be paid within the first quarter of 1990, plaintiff extended payment through 1991.

mutual mistake of fact precluded the enforcement of the accord and satisfaction.

 An accord and satisfaction based upon a mutual mistake as to a material fact can be rescinded by either party. *Deibel v. Kreiss,* 50 N.E.2d 1000, 1002 (Ohio Ct.App. 1943); 6 Arthur L. Corbin, *Corbin on Contracts* § 1292, at 178 (1962). " 'A mutual mistake occurs when both parties, at the time of contracting, share a misconception about a basic assumption or vital fact upon which they based their bargain.' " *Despain v. Despain,* 855 P.2d 254, 258 (Utah App.1993) (quoting *Warner v. Sirstins,* 838 P.2d 666, 669 (Utah App.1992)). Thus, an accord and satisfaction may be rescinded where there is a mutual mistake as to the bargain giving rise to the accord.

Accepting the facts as found by the trial court, at the May 1991 meeting, the parties were indeed mistaken that additional money was owed under the original agreement. However, this mistake did not go to the terms of the parties' accord; rather, it merely demonstrates their accord was indeed a compromise of a bona fide dispute which was not necessarily well-founded, but was made in good faith. *See In re Estate of Grimm,* 784 P.2d 1238, 1244 (Utah App.1989), *cert. denied,* 795 P.2d 1138 (Utah 1990).

In the instant case, both parties were uncertain as to the amount that remained owing on the original contract when they entered into their agreement. Although mistaken as to whether money was then owing, the parties were clearly not mistaken as to the agreement they reached to compromise a good faith, though mistaken, claim. The accord and satisfaction accurately reflects the intent of the parties at the time it was entered. There was therefore no mistake regarding a basic assumption underlying the accord and satisfaction, thus, it is not void.[4]

Because we conclude the trial court erred when it held the accord and satisfaction unenforceable for lack of consideration and because we conclude the agreement was not founded upon a mutual mistake of fact, we reverse and remand for further action consistent with this opinion.

ORME, P.J., and BENCH, J., concur.

---

4. To illustrate the difference between a bona fide uncertainty which is compromised by an accord and satisfaction from a mutual mistake going to the essence of the accord, the following example is helpful. If, in this case, the parties had agreed to exchange $25,000 for 258,363 shares of stock which both parties believed was transferable and it was then discovered the stock was not transferable, a mutual mistake as to the essence of the accord and satisfaction would be present. Under such a scenario, the mistake—that the stock was transferable—goes directly to a basic assumption underlying the substitute agreement and therefore constitutes a mutual mistake which voids that agreement. In the instant case, the parties were mistaken as to facts relevant to the original contract—whether money was then due and owing—not as to a term underlying the accord and satisfaction.