HI–COUNTRY ESTATES HOME-
OWNERS ASSOCIATION, a Utah corpo-
ration, Plaintiff and Appellee,

v.

FOOTHILLS WATER COMPANY, a Utah
corporation, J. Rodney Dansie, and Bag-
ley & Co., a Utah corporation, Defen-
dants and Appellants.

FOOTHILLS WATER COMPANY, a
Utah corporation, Counterclaimant,

v.

HI–COUNTRY ESTATES HOME-
OWNERS ASSOCIATION, a Utah corpo-
ration, Counterclaim Defendant.

Nos. 940190, 940296.

Supreme Court of Utah.

Oct. 29, 1996.

Larry R. Keller, Salt Lake City, for Hi–
Country.

Val R. Antczak, Salt Lake City, for Foot-
hills and Dansie.

Ralph J. Marsh, Salt Lake City, for Bag-
ley.

PER CURIAM:

An opinion was issued in this case by the
Utah Court of Appeals on September 22,
1993.[1] Foothills Water Company and J.
Rodney Dansie (collectively "Foothills") time-
ly filed a petition for certiorari seeking this
court's review of that decision, having ob-
tained an extension of time from this court to
do so. They did not, however, move in the
court of appeals to stay remittitur of the
case. Consequently, the court of appeals
remitted the case to the trial court on Janu-
ary 18, 1994, while Foothills' time to seek
certiorari was still pending. On January 20,
1994, Foothills petitioned the court of appeals
to recall its remittitur. The court of appeals
denied the motion, noting that "appellee
[Foothills] may seek relief in the trial court."

At the trial court, Foothills moved to stay
proceedings pending certiorari review.
However, the trial court declined the stay

---

1. *Hi–Country Estates Homeowners Ass'n v. Bagley* & *Co.,* 863 P.2d 1 (Utah.Ct.App.1993).

and instead modified its previous judgment in accordance with the court of appeals' remittitur. Foothills thereupon filed this appeal from that modified judgment.

On June 13, 1994, this court granted certiorari, limiting its review of the court of appeals' opinion to issues relating to the jurisdiction of the Public Service Commission. That matter has now been decided, and the case was remanded for further proceedings in the court of appeals. *See Hi–Country Estates Homeowners Ass'n v. Bagley & Co.,* 901 P.2d 1017 (Utah 1995). In this matter, we asked the parties to brief the issue of "whether the trial court has jurisdiction to enter a valid judgment while a timely petition for certiorari is pending or under advisement before this court."

■■■ Foothills contends that the trial court judgment is null and void because that court had no jurisdiction to modify its judgment while the case was pending review on certiorari at this court. This court follows the general rule that the trial court is divested of jurisdiction over a case while it is under advisement on appeal. An appeal divests the trial court of jurisdiction and transfers it to the appellate court, where it remains until the trial court regains jurisdiction. *White v. State,* 795 P.2d 648 (Utah 1990). The question then arises, was jurisdiction returned to the district court?

Homeowners contends that jurisdiction was transferred back to the trial court when the court of appeals issued its remittitur and that Foothills was required to file a motion to stay remittitur to prevent jurisdiction from being regained by the trial court. Homeowners relies on the advisory notes to rule 36(b), Utah Rules of Appellate Procedure:

Advisory Committee Note.—Counsel should note that the petition for certiorari alone is not sufficient to stay the judgment of the Court of Appeals. Counsel must also file a motion to stay the remittitur or for an injunction or supersedeas. Although the time for filing the petition for

writ of certiorari is 30 days from the entry of the decision of the Court of Appeals, the motion for the stay must be filed within 14 days of the entry of the decision of the Court of Appeals or within five days of the entry of a decision regarding a motion for rehearing.

This court has held a number of times that we may look to the notes of the advisory committee as an aid in interpreting the rules.[2] However, reliance on this note is misplaced, as it appears to refer to a rule which is not valid.[3] Utah Rule of Appellate Procedure 36(a)(2) provides for remittitur by the court of appeals "immediately after the expiration of the time for filing a petition for writ of certiorari," and there is no reference to fourteen days. At the time the court of appeals issued its remittitur, this court had extended Foothills' time to file a petition for certiorari. Foothills' time to seek certiorari had therefore not expired. The court of appeals issued its remittitur prematurely, and jurisdiction was never returned to the trial court.

Homeowners argues that the remittitur itself, regardless of its validity, returned jurisdiction to the trial court; the court of appeals' decision was not automatically stayed; and upon receipt of the remittitur, the trial court was vested with jurisdiction to issue whatever orders it deemed necessary. Nevertheless, Homeowners also contends that when this court granted certiorari limited to issues relating to the jurisdiction of the Public Service Commission, the court of appeals' remittitur returned jurisdiction to the trial court "on all but those excepted issues." Ultimately, Homeowners continues, even the Public Service Commission issues became moot once this court issued its opinion on certiorari, so that Foothills' appeal of the trial court's modified judgment is moot.

■■■ Homeowners points out that a notice of appeal does not stay execution of a valid judgment. Under rule 62(a), Utah Rules of Civil Procedure, a party may execute on a

---

2. *See, e.g., Birch Creek Irrigation v. Prothero,* 858 P.2d 990, 995 n. 8 (Utah 1993); *State v. Cude,* 784 P.2d 1197, 1200 n. 3 (Utah 1989); *Slusher v. Ospital,* 777 P.2d 437, 443 n. 10 (Utah 1989).

3. Where the reference is invalid, the notes are not helpful. *See Murphy v. Crosland,* 915 P.2d 491, 493 (Utah 1996).

judgment even though an appeal has been filed in an appellate court, unless the appealing party obtains a stay of execution and posts an appropriate bond. Neither should a petition for certiorari review, which is discretionary rather than of right, stay execution of the decision of the court of appeals, according to Homeowners.

We do not necessarily disagree with Homeowners as far as execution on the judgment is concerned, but its argument is inapposite. The issue is not whether execution may be stayed, but whether the trial court regained jurisdiction to enter a judgment or an order of any kind. This case exemplifies the basis for the rule prohibiting the trial court from exercising jurisdiction in a case while it is on appeal. Here, the trial court modified its judgment while this court had the same judgment on review. As a result, different versions of the same judgment were being analyzed simultaneously at three levels of court, presenting the proverbial "moving target" the rule was designed to prevent.

The court of appeals erred in remitting the case before the time to seek certiorari had expired under the rules and erred again when it refused to recall its erroneously issued remittitur. The judgment of the district court is void because that court had no jurisdiction to enter a judgment while the case was still pending in the appellate courts.

The district court judgment is vacated as void.

STEWART, Associate C.J., does not participate herein.