Gerry Marie ELLIS, Movant,

v.

Ernest A. JASMIN, Judge, Jefferson Circuit Court, Respondent,

Board of Alderman and Reginald K. Meeks, Real Parties in Interest.

No. 98–SC–160–T.

Supreme Court of Kentucky.

April 17, 1998.

## OPINION AND ORDER

In May of 1996, Meeks won the primary election for the Democratic nomination for 11th Ward Alderman in the city of Louisville. Meeks defeated Ellis for the nomination by a margin of eight (8) votes. Ellis challenged Meeks' nomination in Jefferson Circuit Court. Specifically, Ellis alleged that Meeks had engaged in numerous acts in violation of KRS 117.235 and KRS 121.055. The trial court ruled in Meeks' favor by dismissing the election contest. The trial court's ruling was affirmed by the Court of Appeals. In *Ellis v. Meeks*, Ky., 957 S.W.2d 213 (1997), we reversed the Court of Appeals. We held that Meeks' conduct violated both KRS 117.235 and KRS 121.055. *Id.* at 217. Specifically, we said that "pursuant to KRS 120.065, the nomination of respondent, Reginald K. Meeks, as the Democratic candidate for the 11th Ward Alderman for the city of Louisville, is voided and the nomination is deemed vacant." *Id.*

 Upon the finality of our decision in *Ellis v. Meeks, supra,* Ellis moved the Jefferson Circuit Court to hold Meeks in contempt of court for failing to vacate the office of 11th Ward Alderman for Louisville. The trial court denied the motion because it found that

it was "without jurisdiction to enforce the Order of the Supreme Court." Ellis then petitioned the Court of Appeals for a Writ of Mandamus to order the Jefferson Circuit Court to declare vacant the office of 11th Ward Alderman for the city of Louisville. We hereby grant transfer of the case from the Court of Appeals. We find that the trial court has jurisdiction and hereby grant Ellis's motion.

A final decision of this Court, whether right or wrong, is the law of the case and is conclusive of the questions therein resolved. It is binding upon the parties, the trial court, and the Court of Appeals. It may not be reconsidered by prosecuting an appeal from a judgment entered in conformity therewith.

*Williamson v. Commonwealth*, Ky., 767 S.W.2d 323, 325 (1989), (quoting *Martin v. Frasure*, Ky., 352 S.W.2d 817, 818 (1961)). The law of this case is that Meeks' nomination as the Democratic candidate for 11th Ward Alderman for the city of Louisville, is void and deemed vacant. *Ellis v. Meeks*, 957 S.W.2d at 217. This is also the mandate of the case, which reinvested the trial court with jurisdiction. *Begley v. Vogler*, Ky., 612 S.W.2d 339 (1981). Further, because we issued our mandate via a reversal, the trial court has to perform some act in order to comply with the directive of the mandate. *Id.* at 341.

For the reasons set forth above, the Jefferson Circuit Court's Order of February 4, 1998, stating that it lacks jurisdiction is reversed. We remand this case to the Jefferson Circuit Court to enter a judgment declaring that Reginald Meeks' nomination as the Democratic candidate for 11th Ward Alderman for the city of Louisville, is void and the office to which he was purportedly elected is hereby deemed vacant. An Order in accordance with the aforesaid shall be entered by the Jefferson Circuit Court forthwith.

All concur.

Entered: April 17, 1998.

Robert F. Stephens
Chief Justice