**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

COLTON REBER,

       Petitioner-Appellant,

v.

HON. LARRY A. STEELE, and
MARK L. SHURTLEFF, Utah
Attorney General,

       Respondent-Appellees.

No. 08-4057

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF UTAH**
**D.C. No. 2:08-CV-00051-BSJ**

---

Michael L. Humiston, Heber City, Utah, for Petitioner-Appellant.

Erin Riley, Assistant Attorney General (Mark L. Shurtleff, Utah Attorney
General, with her on the brief), Salt Lake City, Utah, for Respondents-Appellees.

---

Before **HENRY**, Chief Judge, **McWILLIAMS** and **GORSUCH**, Circuit Judges.

---

**HENRY**, Chief Judge.

---

Petitioner Colton Reber, a descendant of the Uintah Band Indians, was convicted in Utah state juvenile court of felony wanton destruction of wildlife, in violation of Utah Code § 23-20-4. Having exhausted his remedies through the state courts, Mr. Reber filed the present 28 U.S.C. § 2254 action in the United States District Court for the District of Utah. Mr. Reber's § 2254 petition contends that because he is an Indian, and because the offense occurred on Indian land, the Indian tribe–not the State of Utah–is the victim of the offense. Thus, neither the Eighth District Juvenile Court, nor the State of Utah, possessed jurisdiction over the offense. The federal district court dismissed Mr. Reber's habeas petition because "it plainly appear[ed] from the petition and any attached exhibits that the petitioner [wa]s not entitled to relief." Aplt's App. at 60.

We granted Mr. Reber a certificate of appealability on August 18, 2008, concluding that he had made the requisite "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). Upon further review, however, we find that the premature filing of Mr. Reber's § 2254 petition deprived the district court of jurisdiction, and thus precludes our review. Accordingly, we vacate the district court's ruling on the merits of the petition, and remand to the district court with instructions to dismiss the petition without prejudice.

I.    **Factual Background**

While on a hunting trip in 2002, thirteen-year old Colton Reber shot and

2

killed a large mule deer. Later, when transporting the deer, Mr. Reber's vehicle was stopped at a checkpoint in Uintah County, where the Utah Division of Wildlife Resources was checking for chronic wasting disease in deer. At that time, conservation officers observed the deer in the truck bed with no hunting permit, license, or tag attached to the animal. As a result, the State of Utah brought criminal charges against Mr. Reber's father, and referred Mr. Reber's case to juvenile court.

## II. Procedural Posture

Mr. Reber was convicted in state juvenile court of felony wanton destruction of wildlife, in violation of Utah Code Ann. § 23-20-4. On appeal to the Utah Court of Appeals, Mr. Reber contended that as a member of the Uintah Band of Indians (the "Band"), he possessed hunting rights reserved to the Band under the Executive Order of October 3, 1861, and the Act of May 5, 1864, ch. 57, 13 Stat. 64, which set apart the Uintah Indian Reservation for the Band's use and occupancy. Mr. Reber contended that his status as a Uintah Band member divested the State of Utah of jurisdiction to regulate or prosecute his exercise of hunting rights on the reservation's premises. The Utah Court of Appeals agreed, concluding that "the state lacked jurisdiction to prosecute a violation of section 23-20-4 when committed in 'Indian Country.'" *C.R. v. State*, 2005 UT App. 486 (citing *State v. Reber*, 2005 UT App. 485 (unpublished)).

On April 25, 2007, the Utah Supreme Court reversed the Utah Court of

3

Appeals' ruling vacating Mr. Reber's conviction. In reinstating the convicting court's finding of deliquency, the Utah Supreme Court reasoned, "A state has jurisdiction over crimes committed in Indian country when a non-Indian commits a victimless crime. [Mr. Reber is] not [an] Indian[], as that term has been defined by federal law, and the crimes in these cases were victimless." *State v. Reber*, 171 P.3d 406, 411 (Utah 2007).

The Utah Rules of Appellate Procedure establish a procedure for "remittitur," "a formal revesting of jurisdiction with the trial court after appellate proceedings." *Chase Manhattan Bank v. Principal Funding Corp.*, 89 P.3d 109, 111 (Utah 2004). The "primary effect [of remittitur] is to provide a clear indication that the trial court has regained jurisdiction to take action consistent with the mandate. *State v. Lara*, 124 P.3d 243, 246 (Utah 2005). On April 30, 2007, after the Utah Supreme Court's decision but *prior to* the issuance of a remittitur returning jurisdiction to the trial court, the Eighth District Juvenile Court entered a Review and Order sentencing Mr. Reber to a fine of $555.00. In light of this premature action and pursuant to the parties' stipulation, the trial court struck the sentence on July 26, 2007.

On January 16, 2008, Mr. Reber brought the instant habeas action under 28 U.S.C. § 2254, asking this court to vacate the Eighth District Juvenile Court's adjudication of delinquency for lack of jurisdiction. The district court denied Mr. Reber's petition, concluding that the State court's ruling was not "contrary to,

4

[nor did it] involve[] an unreasonable application of clearly established Federal law." Aplt's App. at 60.

**III.    In light of the premature status of Mr. Reber's 28 U.S.C. § 2254 petition, the district court lacked jurisdiction to address it.**

We granted a certificate of appealability on the issue of whether the State of Utah convicted Mr. Reber in violation of the Supremacy and Due Process clauses of the U.S. Constitution. We do not reach these questions, however, because Mr. Reber–a state-court defendant who filed a § 2254 petition prior to sentencing–failed to comply with the jurisdictional requirements of 28 U.S.C. § 2254.

Absence of jurisdiction in the convicting court is a proper basis for federal habeas relief cognizable under the due process clause. *See, e.g.*, *Danforth v. Minnesota*, 128 S. Ct. 1029, 1036 (2008) (recognizing that, "[o]riginally, criminal defendants whose convictions were final were entitled to federal habeas relief only if the court that rendered the judgment under which they were in custody lacked jurisdiction to do so."); *Lonchar v. Thomas*, 517 U.S. 314, 322 (1996) (observing that a writ under § 2254 "has evolved into an instrument that now demands . . . conviction by a court of competent jurisdiction"). We review a district court's decision on subject matter jurisdiction de novo. *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006). As is the general rule in habeas cases, Mr. Reber possesses the burden of proof. *Garlotte v. Fordice*, 515 U.S. 39,

5

46 (1995).

Nevertheless, under § 2254, we may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  As the Supreme Court instructed in *Burton v. Stewart*, "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."  549 U.S. 147, 156 (2007) (quoting *Berman v. United States,* 302 U.S. 211, 212 (1937)); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("[The Supreme Court's decision in] *Burton* makes clear that the writ [of habeas corpus] and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement. What this Court has previously called the judgment of conviction and the sentencing judgment *together* form the judgment that imprisons the petitioner."), cert. denied, 129 S. Ct. 1033 (2009).

Here, as he concedes, when Mr. Reber filed his § 2254 petition in the federal district court, "[he] had not been sentenced."  Aplt's Reply Br. at 3. Although the state trial court imposed a $555.00 fine on April 30, 2007, it struck that sentence on July 26, 2007,  pursuant to the parties' stipulation.  Accordingly, his  § 2254 petition was premature, and the district court lacked jurisdiction to adjudicate it.  *See Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (agreeing with a district court's holding that "it should not entertain petitioner's

federal habeas petition in the absence of a penalty phase judgment in state court or until the existence of extremely unusual circumstances warrant an exception").[1] Accordingly, the district court lacked jurisdiction to adjudicate Mr. Reber's § 2254 petition.

## IV.    Conclusion

Mr. Reber's 28 U.S.C. § 2254 petition was filed prior to the issuance of a final judgment, and thus, the district court lacked jurisdiction to review the petition. For this reason, we VACATE the district court's dismissal of Mr. Reber's § 2254 petition on the merits, and remand the case to the district court with instructions to dismiss the petition without prejudice.

---

[1] In a January 2009 letter to the court, counsel for the respondents-appellees reported that Mr. Reber was finally sentenced on December 22, 2008. Counsel attached an order from the Eighth District Juvenile Court for Uintah County imposing a $555.00 fine and ordering Mr. Reber to pay $4,000 in restitution to the "Dwr-Help Stop Poaching Fund."

We appreciate counsel's effort to inform us of developments in the case. We note, however, that the December 22, 2008 sentence does not alter our conclusion that the district court lacked jurisdiction to adjudicate Mr. Reber's § 2254 petition. Mr. Reber must satisfy the requirements of § 2254 when the petition is filed, *see Erlandson v. Northglenn Mun. Court*, 528 F.3d 785 (10th Cir. 2008), cert. denied, 129 S. Ct. 928 (2009), and he has failed to do so. In the event that Mr. Reber seeks to challenge the December 2008 sentence in future proceedings, we note that "[t]he payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes." *Id.* (internal quotation marks omitted).